IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEWIS MEADOWS**                                                                   **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 3:24-CV-410-HTW-LGI**

**FEDERAL BUREAU OF PRISONS, ET AL.**                    **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Lewis Meadows files this action against medical staff at the Federal Bureau of Prison ("BOP"). Liberally construed, Meadows alleges that while housed at the Federal Correctional Complex in Yazoo City, Mississippi, ("FCC-Yazoo"),[1] Dr. Anthony Chambers, identified as the head physician, and Cynthis McGee, identified as the Health Services Supervisor,[2] provided inadequate medical care regarding his cancer treatment. Meadows charges that Defendants were negligent in their "refusal to get [him] medical care in a timely manner" and in their communications with "outside doctors." According to Meadows, this "resulted in unnecessary pain and misery as well as a botched surgery that was done wrong, resulting in serious damage. . . ." Along with monetary damages, Meadows requests that he be seen by a specialist or transferred to a new medical facility to manage his care going forward.

Defendants contend that dismissal is warranted under Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56, on exhaustion,

---

[1] The docket reflects that since filing suit, Plaintiff has been transferred to FDC Miami.

[2] Defendants do not contest Meadows's assertion that Defendant McGee is the Health Services Supervisor at FCC-Yazoo.

jurisdiction, and immunity grounds. Meadows has not filed a response to Defendants' motion, and the time for doing so has passed. Having considered the submissions on file and the applicable law, the undersigned recommends that Defendants' motion be granted.

## STANDARD OF REVIEW

Because Defendants have submitted matters outside the pleadings with their Motion to Dismiss or, in the Alternative, for Summary Judgment, the undersigned has considered the motion as one seeking summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). Summary judgment is appropriate only when the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is material if its resolution in favor of one party might affect the outcome. *Anderson*, 477 U.S. at 248. The evidence and any inferences from it are viewed in the light most favorable to the non-movant. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 180 (5th Cir. 2009).

## DISCUSSION

Liberally construed, Meadows seeks relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on the grounds of deliberate indifference. In *Bivens,* the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the

counterpart for actions brought against state officials pursuant to 42 U.S.C. § 1983. *Bivens*, 403 U.S. at 389–98. Unlike § 1983, *Bivens* is not a Congressional statute that "entitles an injured person to money damages if a state official violates his or her constitutional rights." *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1854, 198 L. Ed. 2d 290 (2017). It was created as a judicial remedy in 1979 to address a Fourth Amendment claim for unreasonable search and seizure. *Bivens*, 403 U.S. at 389–90 (manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment). Since then, the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights twice: for violations of the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), and for violations of the Eighth Amendment prohibition against cruel and unusual punishment for a deceased prisoner deprived of medical attention by officials who knew of his serious medical condition, *Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980); *Butts v. Martin*, 877 F.3d 571, 571 (5th Cir. 2017) (citation omitted). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *See Ziglar*, 137 S. Ct. at 1855. In the decades since, "the Court has made clear that expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar*, 137 S. Ct. at 1865–69 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The Supreme Court has even "gone so far as to observe that if the Court's three *Bivens* cases [had] been . . . decided today, it is doubtful that [it] would have reached the same result." *Hernandez v. Mesa*, —

U.S.—, 140 S. Ct. 735, 206 L. Ed. 2d 29 (2020) (internal quotation marks omitted) ("for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*"). The rationale being that "Congress is best positioned to evaluate whether, and the extent to which, monetary and other liabilities should be imposed upon individual officers and employees of the Federal Government based on constitutional torts." *Id.* (internal quotation marks omitted).

Accordingly, lower courts should conduct a two-part inquiry to determine whether a *Bivens* remedy should be extended: (1) whether the *Bivens* claim represents a new context, and if so, (2) whether there are any existing remedial processes for addressing the alleged harm or other special factors counseling hesitation against extending *Bivens*. *Oliva v. Nivar*, 973 F.3d 438, 441–42 (5th Cir. 2020); *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)); *Rroku v. Cole*, 726 F. App'x 201, 205 (5th Cir. 2018) (citing *Butts*, 877 F.3d at 587). Lower courts are cautioned, however, that "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 137 S. Ct. at 1858.

Such is the case here. Meadows's claims present a new context for which no *Bivens* remedy has been extended. While *Bivens* has been applied to Eighth Amendment claims for deliberate indifference to serious medical needs, it has not been extended in this context. *Carlson*, 446 U.S. at 19; *Hernandez*, 140 S. Ct. 735 ("A *Bivens* claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized."); *Looper v. Jones*, No. 22-40579, 2023 WL 5814910, at *2 (5th Cir. Sept. 8, 2023) (Even though *Carlson*

created a cause of action for an asthmatic prisoner's Eighth Amendment failure to medicate claim, it did not create a cause of action for a prisoner's Eighth Amendment failure to protect or intervene claim.). There are also special factors counseling hesitation against granting an extension to such claims: Meadows can seek relief through BOP's Administrative Remedy Program, which permits "inmate[s] to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). *See Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021) (PLRA "does not provide for a standalone damages remedy against federal jailers") (quoting *Abbasi*, 137 S. Ct. at 1865). *Oliva*, 973 F.3d at 444 ("the alternative relief necessary to *limit* Bivens need not provide the exact same kind of relief *Bivens* would"). But as Defendants note, Plaintiff's claims are subject to dismissal because he has not fully availed himself of this remedy.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), no action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies have been exhausted. *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (exhaustion requirement also applies to *Bivens* actions). Inmates exhaust their administrative remedies by complying with the BOP's Administrative Remedy Program.[3] But when "the available

---

[3] 28 C.F.R. § 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days.

administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke*, 239 F. App'x at 86 (quoting *Fuller*, 11 F.3d at 62). If an inmate shows an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

The unrebutted evidence here establishes that Plaintiff failed to exhaust his administrative remedies. Defendants submit Plaintiff's administrative history and an affidavit from Michael FiggsGanter, an Attorney Advisor at FCC Yazoo with access to and knowledge of "SENTRY"— a computer records system that tracks an inmate's use of the BOP's administrative remedies program. A search of Plaintiff's administrative remedies history reveals that he did not file any administrative remedies while housed at FCC Yazoo City.

Meadows does not contend that BOP administrative remedies were rendered unavailable to him, or that extraordinary circumstances warrant an exception to the

---

Upon completing this multiple-tiered review process, the inmate has exhausted his administrative remedies.

exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). On the contrary, he has not refuted his lack of exhaustion or otherwise responded to the current motion. Meadows advises in his Complaint, rather, that he told only his counselor of his complaints. When he didn't get a response, he assumed they went ignored and did not pursue the matter further because he had done "all" he could at that point. Not so. Only after completing BOP's multiple-tiered review process will an inmate have exhausted his administrative remedies.

Even if Meadows had properly exhausted his claims, his claims against Dr. Chambers could not proceed. Dr. Chambers is entitled to absolute immunity from this lawsuit under the Public Health Service Act, 42 U.S.C. § 233(a). This Act provides that an action against the United States under the Federal Tort Claims Act (FTCA) is the exclusive remedy "for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." The United States Supreme Court has held that section 233(a) provides PHS employees with absolute immunity from *Bivens* claims. *Hui v. Castaneda*, 559 U.S. 799, 812 (2010).

Dr. Chambers's affidavit, submitted by Defendants in response to Meadows's allegations, confirms that he is a medical doctor employed by the United States Public Health Service (USPHS), assigned to the Federal Bureau of Prisons as the Clinical Director for the Health Services Department at the Federal Correctional Complex (FCC) in Yazoo City, Mississippi. He has been employed as a commissioned officer in the

USPHS at FCC Yazoo City since September 21, 1997.  At all times relevant to the Complaint, Dr. Chambers asserts that he was acting within the course and scope of his office as Clinical Director, and any medical treatment provided would have been done solely within the scope of his official duties as a commissioned officer in the USPHS. Plaintiff has not contested these assertions, and courts in this district have consistently acknowledged Dr. Chambers's immunity status.  *Jenkins v. United States*, 733 F. App'x 218, 219 (5th Cir. 2018) ("the district court correctly noted that Chambers's undisputed status as an employee of the U.S. Public Health Service afforded him absolute immunity") (citing *Hui*, 559 U.S. at 812).  *See also Copeland v. Chambers,* No. 3:20-CV-585-CWR-LGI, 2022 U.S. Dist. LEXIS 23213, at *7 (S.D. Miss. Jan. 20, 2022); *Brown v. Fed. Bureau of Prisons*, No. 5:11CV63-DCB-RHW, 2012 WL 1067666 (S.D. Miss. Mar. 29, 2012) (the proper party to an FTCA suit is the United States and because Dr. Chambers is a certified public health service officer, he is provided absolute immunity from a *Bivens* claim) (citing *Hui*, 559 U.S. at 812).

For the reasons stated above, the undersigned recommends that Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must

either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on August 8, 2025.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE